```
              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF PUERTO RICO

In re:                                 :
                                       :
ZADDIEL RODRIGUEZ CORDOVA,             :    Case No. 05-08588 (GAC)
                                       :
          Debtor                       :    Chapter 13
_____:
```

## <u>DECISION AND ORDER</u>

On October 4, 2005, General Electric Capital Corp. of Puerto Rico ("GEC") filed a motion for relief from the automatic stay (dkt. #9).  The notice on motion for relief from stay was issued on October 11, 2005, requiring service within three days and the filing of a certificate of service within five days after service. The certificate of service was filed on October 12, 2005 (dkt. #16).

The debtor filed a response to the motion for relief from stay on October 10, 2005, prior to the issuance and service of the notice (dkt. #11).  The preliminary hearing was scheduled for October 28, 2005.  The debtor failed to appear at the hearing and the stay was lifted in favor of GEC.  The order lifting the stay was entered on November 10, 2005 (dkt. #23).

On November 4, 2005, the debtor filed a motion for reconsideration of the order lifting the stay (dkt. #20).  The debtor claims that he was not provided with adequate notice of the motion for relief.  GEC was ordered to file a response and filed an opposition to the motion (dkt. #27).

1

The debtor admits to being served with the notice of motion for relief from stay on October 11, 2005, the date of its issuance. The notice scheduled the preliminary hearing for October 28, 2005, seventeen days after its issuance. The Court concludes that GEC served the notice of motion for relief from stay within three days of its issuance, irrespective of the fact that GEC filed its motion for relief from stay seven days prior to the issuance of the notice. The debtor filed a timely response to the motion and failed to appear at the preliminary hearing. The Court concludes that the debtor received adequate notice of the motion for relief from stay and of the hearing and has provided no justification for the failure to appear.

The Court also finds that this is the debtor's fourth petition in three years and notes that the automatic stay was lifted in GEC's favor, for cause, in the debtor's last petition, Case No. 04-10957. Finally, the Court concludes that a motion seeking the reimposition of the automatic stay, requires the filing of an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(7). Accordingly, the debtor's motion for reconsideration of the order granting GEC relief from stay will be denied.

ORDER

WHEREFORE IT IS ORDERED that the debtor's motion for reconsideration (dkt. #20) of the order lifting the automatic stay in favor of GEC, shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 9th day of January, 2006.

/s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge